IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN S. HAMPTON, E-97187,            )<br>                                                          )<br>             Petitioner,                           )<br>                                                          )<br>    vs.                                                )<br>                                                          )<br>R. T. C. GROUNDS, Warden,              )<br>                                                          )<br>             Respondent.                       )<br>_____  ) | No. C 14-1901 CRB (PR)<br><br>ORDER REQUESTING<br>MOTION TO DISMISS OR<br>NOTICE THAT MOTION IS<br>UNWARRANTED<br><br>(Dkt. #3, 8, 9 & 12) |

I.

Petitioner Robin S. Hampton, a prisoner at Salinas Valley State Prison (SVSP), was convicted of second degree murder by a jury in San Francisco County Superior Court. The jury also found that petitioner had used a deadly weapon and had a prior "strike" conviction. On February 17, 1999, the court sentenced petitioner to a prison term of 32 years to life.

On May 30, 2000, the California Court of Appeal affirmed the judgment of the trial court and, on August 9, 2000, the Supreme Court of California denied review.

More than a decade later, it appears that petitioner began seeking collateral relief from the state courts. On June 1, 2011, the California Court of Appeal denied what appears to be petitioner's final state petition – a petition for a writ of for a writ of mandate/prohibition.

On April 23, 2014, petitioner filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. Among other things, he claims prejudicial delay, unlawful sentence enhancement and violation of the constitutional protection against double jeopardy. Petitioner also seeks appointment of counsel, leave to proceed in forma pauperis and preliminary injunctive relief from his conviction and sentence.

## II.

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. It also may order respondent to file another pleading where neither summary dismissal nor service is appropriate. See Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made

retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, such as petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The instant petition appears untimely because it was not filed until April 23, 2014, nearly fourteen years after petitioner's process of direct review came to an end. And although petitioner sought state collateral relief which may toll the one-year time limit under § 2244(d)(2), it appears that he did not begin doing so until well after the limitation period presumably expired in late 2000. This apparent untimeliness problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition.

Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent shall either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case. Petitioner's motions for preliminary injunctive relief from his conviction and sentence (dkt. #9 & 12) are DENIED without prejudice to renewing if he survives a motion to dismiss and an order to show cause issues.

III.

Petitioner's motion for appointment of counsel (dkt. #3) is DENIED without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The court will appoint counsel on its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

IV.

Good cause appearing therefor,

1.     Petitioner's request to proceed in forma pauperis under 28 U.S.C. § 1915 (dkt. #8) is GRANTED.

2.     The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondent, SVSP Warden R. T. C. Grounds, and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner, Robin S. Hampton.  (All other named parties – Robin G. Starr, James Bolson, David Winston, E. G. Brown, Kamala Harris, Jeff Bears and Dr. Brite – are dismissed.)

3.     Respondent shall file with the court and serve upon petitioner, within 60 days of the issuance of this order, a motion to dismiss the petition as untimely or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

1    4.   If petitioner wishes to oppose the motion to dismiss, he shall do so
2  by filing an opposition with the court and serving it upon respondent within 28
3  days of his receipt of the motion to dismiss.
4    5.   Respondent may file and serve a reply within 14 days of receipt of
5  petitioner's opposition.
6    6.   The motion shall be deemed submitted as of the date the reply brief
7  is due.  No hearing will be held on the motion unless the court finds that an
8  evidentiary hearing is required.
9    7.   If respondent notifies the court that a motion to dismiss is
10 unwarranted or the motion is denied, the court will then determine whether to
11 require an answer to the petition.
12 SO ORDERED.
13 DATED: June 30, 2014    
14 CHARLES R. BREYER
   United States District Judge

G:\PRO-SE\CRB\HC.14\Hampton, R.14-1901.request mtd.wpd

5