IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN S. HAMPTON, E-97187,<br><br>    Petitioner,<br><br>vs.<br><br>ELVIN VALENZUELA, Warden,<br><br>    Respondent. | No. C 14-1901 CRB (PR)<br><br>ORDER GRANTING<br>MOTION TO DISMISS<br><br>(Dkt. #23) |

      Petitioner, a prisoner at the California Men's Colony in San Luis Obispo, seeks a writ of habeas corpus under 28 U.S.C. § 2254 invalidating a 1999 conviction from San Francisco County Superior Court. Per order filed June 30, 2014, the court noted that the petition appeared untimely and ordered respondent to either move to dismiss the petition on the ground that it is untimely or inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case. Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). Petitioner did not file an opposition despite being advised to do so.

## BACKGROUND

      On February 17, 1999, the San Francisco County Superior Court sentenced petitioner to 32 years to life in state prison after a jury found him guilty of second degree murder and found true allegations that petitioner had used a deadly weapon and had a prior "strike" conviction.

|   |   |
|---|---|
| 1 | On May 30, 2000, the California Court of Appeal affirmed the judgment |
| 2 | of the trial court on appeal and, on August 9, 2000, the Supreme Court of |
| 3 | California denied review. |
| 4 | On May 19, 2011, petitioner filed a petition for a writ of mandate/ |
| 5 | prohibition in the California Court of Appeal.  On June 1, 2011, the California |
| 6 | Court of Appeal denied the petition. |
| 7 | On April 23, 2014, petitioner filed the instant federal petition for a writ of |
| 8 | habeas corpus under § 2254. |

### DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, ordinarily must file his federal habeas petition within one year of the date his process of

direct review came to an end.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Here, because petitioner did not seek a writ of certiorari from the Supreme Court of the United States after the Supreme Court of California denied review on August 9, 2000, his process of direct review came to an end on November 7, 2000, when the time allotted for filing a petition for a writ of certiorari expired.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Petitioner therefore had until November 7, 2001 to file a federal habeas petition within the one-year limitation period.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)).  But the instant petition was not filed until April 23, 2014.  It is untimely unless the limitation period was tolled for a substantial period of time.

AEDPA's one-year limitation period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2)).  But unfortunately for petitioner, he filed no petition for state post-conviction or collateral review to toll the one-year limitation period under § 2244(d)(2) before the limitation period expired on November 7, 2001.  His 2011 state petition for a writ of mandate/prohibition cannot revive the expired limitation period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Petitioner is not entitled to equitable tolling either.  He has not shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

3

circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2562 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)); <u>accord</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (dkt. #23) is GRANTED.

The clerk shall enter judgment in favor of respondent, terminate any pending motions as moot and close the file.

SO ORDERED.

DATED: Jan. 12, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.14\Hampton, R.14-1901.mtd.wpd

4